# IN THE COURT OF APPEALS OF IOWA

No. 18-1641
Filed October 7, 2020

**CHAD BREWBAKER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Story County, James McGlynn, Judge.

Chad Brewbaker appeals the denial of his second application for postconviction relief. **AFFIRMED.**

Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and Greer, JJ. Tabor, J. takes no part.

**DOYLE, Presiding Judge.**

Chad Brewbaker appeals the denial of his second postconviction-relief (PCR) application. Brewbaker failed to preserve error. In any event, his claim has no merit. We affirm.

In 2009 a jury found Brewbaker guilty of third-degree harassment under Iowa Code sections 708.7(1) and 708.7(4) (2009), a simple misdemeanor. In 2010, his conviction was affirmed on appeal to the district court. His application for discretionary review to the supreme court was denied. Procedendo issued in January 2011. His first PCR application was denied. He filed his second PCR application in August 2018. The State moved to dismiss the application as being untimely. *See* Iowa Code section 822.3 (2018) ("All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."). After a hearing, the district court denied the application for three reasons ("it claims too much, too late and too often"), including that the application was untimely filed.

On appeal, Brewbaker seeks to sidestep the statute of limitations under its "new law" exception. *See* Iowa Code section 822.3 ("However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period."). He asserts he raised a claim of actual innocence and "that the holding in *Schmidt* [*v. State*, 909 N.W.2d 778, 793-798 (Iowa 2018),] allowing freestanding claims of actual innocence, is a 'new law' that could not have been raised within the three-year time period." Brewbaker's "actual innocence" claim appears to be a repackaging of his argument the criminal statute under which he was convicted is unconstitutionally vague or unconstitutional as applied to him.

Brewbaker asserts he raised an "actual innocence" claim in his PCR application—"In the present PCR, Brewbaker asserted an actual innocence claim, that he is legally innocent of harassment in the 3rd degree, as it was constitutionally protected speech and that it was not made without a legitimate purpose." Not so. The words "actual innocence" do not appear in the application. Even under a liberal reading of the application, we failed to stumble upon an actual-innocence claim. After a review of the PCR hearing transcript, we discovered Brewbaker did raise an actual-innocence claim. But in denying the application, the PCR court did not rule on Brewbaker's actual-innocence claim, nor does it appear that the court considered the issue. Brewbaker did not move to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2) to request a ruling on the issue. Such failure waives appellate review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal . . . . When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."). Brewbaker has failed to preserve error.

Even if we ignored the error-preservation issue, we find Brewbaker's reliance on *Schmidt* as "new law" misplaced. Unlike *Schmidt*, Brewbaker's actual-innocence claim is not based on a newly discovered fact that could not have been discovered within the three-year time frame. *See* 909 N.W.2d at 799 (noting the applicant presented evidence that a victim had recanted his allegation of sexual abuse after the three-year time limitation had expired and, therefore, could not have been raised earlier). Brewbaker argues he is actually innocent because the

criminal statute under which he was convicted is unconstitutional. His claim, couched as actual innocence or not, could have been raised any time within the three-year limitation period. *Schmidt* is of no help to him. In any event, such a claim is doomed to failure. *See Brewbaker v. State Bd. of Regents*, 843 N.W.2d 466, 472 (Iowa Ct. App. 2013) (rejecting Brewbaker's constitutional attack against section 708.7(1)(a)). So, we find his claim meritless.

We affirm the district court's well-reasoned and well-written denial of Brewbaker's second PCR application.

**AFFIRMED.**